# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**LEXJET CORPORATION,**

    **Plaintiff,**

v.                                                 Case No. 8:11-cv-2828-T-30TBM

**BREATHING COLOR, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Attorney's Fees and Costs not Recoverable under 28 U.S.C.A. § 1920 (Dkt. 90), Defendant's Proposed Bill of Costs (Dkt. 92), and Plaintiff's Memorandum in Opposition and Objection to Bill of Costs (Dkt. 93). Upon consideration of the motion, response, and being otherwise advised in the premises, the Court concludes that the motion should be denied with respect to Defendant's request for attorney's fees and costs that are not recoverable under section 1920. The Court grants the proposed bill of costs in part.

## DISCUSSION

Plaintiff LexJet Corporation filed the instant action against Defendant Breathing Color, Inc., alleging Breathing Color tortiously interfered with LexJet's relationship with Charta Group, Inc. Specifically, LexJet asserted three claims in this case: (1) tortious

interference of contract; (2) tortious interference with an advantageous business relationship; and (3) unfair competition.

On June 25, 2014, the Court granted summary judgment in Breathing Color's favor on all claims (Dkt. 87). Breathing Color now moves for attorney's fees and costs.

The Court previously noted, in an Order dated June 13, 2014, that the three claims in this case did not allow for attorney's fees to the prevailing party (Dkt. 81). Breathing Color argues that it is entitled to attorney's fees and costs under Rule 11 of the Federal Rules of Civil Procedure. But the record is clear that Breathing Color did not comply with Rule 11's procedural requirements. Specifically, Breathing Color did not comply with Rule 11(c)(2) that requires a motion for sanctions first be served but not filed with the Court unless the challenged claim is not withdrawn within 21 days. Even more problematic, Breathing Color filed and served its motion *after* the Court entered final judgment in its favor, thus foreclosing LexJet's ability to avail itself of Rule 11's safe harbor provision. *See In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) (holding: "We agree with the Second, Fourth, and Sixth Circuits that the service and filing of a motion for sanctions must occur prior to final judgment or judicial rejection of the offending motion. Any argument to the contrary renders the safe harbor provision a mere formality.") (internal quotations omitted).

These deficiencies are fatal to any award of fees and costs under Rule 11. Thus, the Court cannot grant attorney's fees and costs under Rule 11. And there is simply no other basis for fees and costs in this case. *See Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08-cv-691-T-30TBM, 2008 WL 2261784, at *1 (M.D. Fla. May 30, 2008) (Moody, J.) ("Florida law

allows the recovery of attorneys fees as damage or costs to the prevailing party only when provided for by statute or contract."). Accordingly, Breathing Color's motion for attorney's fees and costs not recoverable under 28 U.S.C. § 1920 must be denied.

Breathing Color's Proposed Bill of Costs seeks costs under section 1920 in the total amount of $27,175.20: $26,398.36 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case; and $776.84 for the costs of exemplification and making copies of materials where the copies are necessarily obtained for use in the case. Breathing Color does not explain how these costs were necessarily obtained for use in the case. A review of Breathing Color's motion for summary judgment and the depositions Breathing Color relied upon in support of same, however, demonstrates that Breathing Color should be entitled to the costs associated with all of the deposition transcripts, except the transcript associated with Eric Lyons (because his deposition was not included in the record and the necessity was not otherwise explained) and the videotaped depositions for Alan Reid, Hill & Lyons Video, and Friend Video. Accordingly, the Court grants Breathing Color costs associated with deposition transcripts in the total amount of $24,725.51.

With respect to the copy costs of $776.84, Breathing Color fails to explain how these costs were necessarily obtained for use in this case. Accordingly, the copy costs are not recoverable under section 1920.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Attorney's Fees and Costs not Recoverable under 28 U.S.C.A. § 1920 (Dkt. 90) is denied.

2. Defendant's Proposed Bill of Costs (Dkt. 92) is granted in part. The Clerk of Court is directed to enter a Bill of Costs in Defendant's favor and against Plaintiff in the amount of $24,725.51.

3. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on August 7, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-2828.feesandcosts.wpd